UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JILIAN FERGUSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 4:15-cv-68 |
| METROPOLITAN LIFE INSURANCE COMPANY and CELLNET + HUNT EMPLOYEE'S WELFARE BENEFIT PLAN, | ) |
| Defendants. | ) |

**COMPLAINT**

The Plaintiff, Jilian Ferguson, by and through the undersigned counsel, Bridget O'Ryan, files this Complaint against Metropolitan Life Insurance Company ("MetLife") and Cellnet + Hunt Employee's Welfare Benefit Plan (the Plan") and as cause therefore states as follows:

**I. JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Jilian Ferguson brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. Jilian Ferguson is a resident of Lafayette, Indiana and a citizen of the State of Indiana.

3. Cellnet + Hunt Employee's Welfare Benefit Plan is an employee benefit plan administered in the Northern District of Indiana.

1

4. As an employee of Landis+Gyr, Jilian Ferguson is a participant of the Cellnet + Hunt Employee's Welfare Benefit Plan.

5. MetLife is the claim administrator for the Cellnet + Hunt Employee's Welfare Benefit Plan.

6. Metropolitan Life Insurance Company ("MetLife") is a New York company doing business in Indiana. MetLife issued disability coverage to the Cellnet + Hunt Employee's Welfare Benefit Plan.

7. The Cellnet + Hunt Employee's Welfare Benefit Plan promises to pay disability benefits to employees of Landis+Gyr if they are unable to work due to sickness or injury.

8. Venue in the Northern District of Indiana is appropriate by virtue of the Cellnet + Hunt Employee's Welfare Benefit Plan being administered in this District.

## II. FACTUAL ALLEGATIONS

9. Jilian Ferguson worked as a Marketing Communication Specialist with Landis + Gyr until she became disabled in February 2011.

10. Ms. Ferguson was forced to stop working as a result of the debilitating effects of Thoracic Outlet Syndrome, cervical degenerative disc disease and cervical radiculopathy, severe neck pain, fibromyalgia, carpal tunnel syndrome, and paresthesia. Ms. Ferguson stopped working on February 10, 2011.

11. Ms. Ferguson applied for and received long term disability benefits from MetLife from August 2013 to September 17, 2014, when they were abruptly terminated.

12. Ms. Ferguson appealed MetLife's decision to terminate her benefits and her appeal was denied on July 29, 2015.

13. Ms. Ferguson has provided significant medical proof of her disability from her treating physicians, who have repeatedly opined that Ms. Ferguson is disabled from performing any occupation.

14. Despite this proof, the Defendants refuse to pay Ms. Ferguson her long term disability benefits.  As a result of the denial of benefits, Ms. Ferguson suffers from serious financial and emotional distress.

### III.  CLAIM FOR RELIEF

### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

15. Paragraphs 1-14 are hereby realleged and incorporated herein by reference.

16. Since February 10, 2011, when Jilian Ferguson was forced to leave active employment, Ms. Ferguson remains unable to perform the material duties of her regular occupation or any occupation for which she is reasonably qualified based on her education, training or experience.

17. Ms. Ferguson provided the Defendants with ample medical evidence to verify her disability under the Cellnet + Hunt Employee's Welfare Benefit Plan.

18. The Defendants have intentionally and without reasonable justification denied Ms. Ferguson's long term disability benefits in violation of to the Cellnet + Hunt Employee's Welfare Benefit Plan and ERISA.

WHEREFORE, the Plaintiff, Jilian Ferguson, requests that this Honorable Court enter Judgment:

A. Finding that Jilian Ferguson is entitled to long term disability benefits and order the Defendants to pay the past due benefits.

B. Finding that Jilian Ferguson is entitled to long term disability benefits and order the Defendants to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

/s/Bridget O'Ryan_____
Bridget O'Ryan
Attorney for Jilian Ferguson
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
Fax: (317) 255-1006
boryan@oryanlawfirm.com